UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARLA DAWN ECKERT,

　　　　　Plaintiff,

　　v.

NANCY A. BERRYHILL,[1]

　　　　　Defendant.

Case No. 15-cv-04461-JCS

**ORDER TO SHOW CAUSE REGARDING NOTICE TO PLAINTIFF**

Re: Dkt. No. 23

On April 26, 2017, Plaintiff's counsel, the Law Offices of Charles E. Binder and Harry J. Binder, LLP, filed a Motion for Approval of Attorney's Fees pursuant to 42 U.S.C. § 406(b), requesting this Court award counsel attorneys' fees of $16,566.25, or 25% of the total amount of past due benefits awarded to Plaintiff by the Commissioner, pursuant to the fee agreement between Plaintiff and her counsel. *See generally* Mot. (dkt. 23). Plaintiff's counsel contends that Plaintiff is the moving party and that the motion and attachments were "all served and filed concurrently herewith." Notice of Mot. at 1–2. Given that the motion later states that Plaintiff's counsel is the party actually seeking the relief sought, and given the absence of any proof of service or specific declarations regarding service to Plaintiff, it is unclear whether Plaintiff herself actually received service or notice of the relevant documents. *See* Mot. at 8.

Where the financial interests of attorneys are directly in conflict with the interests of their clients, as is the case here, "[b]asic fairness requires that when an attorney claims to be entitled to money that would otherwise go to that attorney's client, the attorney should be required to notify the client of his claim." *Taylor v. Heckler*, 608 F. Supp. 1255, 1261 (D.N.J. 1985) (quoting

---

[1] Nancy Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is therefore substituted for Carolyn W. Colvin as the Defendant in this action. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d). This Order refers to Berryhill as the "Commissioner."

*Robinson v. Sec'y of Health, Educ. & Welfare*, 456 F. Supp. 876, 878 (E.D. Mich. 1978)). "There is no question but that, when making section 406(b) applications, attorneys are required to give notice to their clients as to the existence of such application." *Id.* at 1260–61 (applying 20 C.F.R. § 404.1725(a)(7), which requires a "statement showing that the representative sent a copy of the request for approval of a fee to [his or her client]," to a motion under § 406(b)). In this case, Plaintiff's counsel has failed to submit such a statement or otherwise confirm that Plaintiff has received notice of the present motion.

Plaintiff's counsel is therefore ORDERED TO SHOW CAUSE no later than August 22, 2017 why the present motion should not be denied due to lack of service on or notice to Plaintiff Sharla Dawn Eckert. Counsel is ordered to submit a declaration detailing whether—and if so, when—Plaintiff was provided with a copy of the present Motion for Approval of Attorney's Fees and included attachments. If applicable, Plaintiff's counsel is instructed to attach a copy of the relevant proof of service. The Court finds this order to show cause suitable for resolution without oral argument and declines to set a hearing.

**IT IS SO ORDERED.**

Dated: August 8, 2017

JOSEPH C. SPERO
Chief Magistrate Judge