UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARLA DAWN ECKERT,<br>　　　　Plaintiff,<br>　　v.<br>NANCY A. BERRYHILL,<br>　　　　Defendant. | Case No. 15-cv-04461-JCS<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 23 |

## I. INTRODUCTION

Plaintiff Sharla Dawn Eckert initiated this action to seek review of the final decision by the Commissioner of the Social Security Administration (the "Commissioner") denying Eckert's application for disability insurance and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act ("SSA"). On December 13, 2016, the Court reversed the Commissioner's decision and remanded for an award of benefits. *See* S.J. Order (dkt. 18).[1] On remand, the Commissioner granted Eckert's application for benefits, entitling her to receive $66,265 in retroactive benefits.[2] *See* Ortega Decl. (dkt. 23) Ex. C. Plaintiff's counsel, the Law Offices of Charles E. Binder and Harry J. Binder, LLP (the "Firm"), now brings a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), seeking an award of $16,566.25 in attorneys' fees for work performed before this Court. *See generally* Mot. (dkt. 23); Ortega Decl. Ex. A. The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the motion is GRANTED.

---

[1] *Eckert v. Colvin*, No. 15-cv-04461-JCS, 2016 WL 7212280 (N.D. Cal. Dec. 13, 2016).
[2] In Eckert's award letter, the Commissioner withheld $16,566.25 to allow for the potential award of attorneys' fees of "no larger than 25 percent of past due benefits," indicating a total award value of $66,265.00. *See* Ortega Decl. Ex. C.

## II. BACKGROUND

On August 31, 2015, Eckert entered into a contingency-based fee agreement (the "Fee Agreement") with the Firm, appointing the Firm as her counsel in connection with her appeal from the prior administrative denial of her claims. Ortega Decl. Ex. A. The Fee Agreement provides the Firm with 25% of any past due benefits awarded to Eckert and assigns to the Firm any fees awarded under the Equal Access to Justice Act ("EAJA"). *Id.* On December 13, 2016, this Court ruled in favor of Eckert, reversing the administrative law judge's prior denial of benefits and remanding the matter for a calculation and award of benefits consistent with the order. *See* S.J. Order. On March 3, 2017, this Court signed a stipulation awarding the Firm $5,156.73 in attorneys' fees and $400 in costs under the EAJA. EAJA Award (dkt. 22). On April 11, 2017, the Social Security Administration issued an award letter to Eckert where it indicated it was withholding $16,566.25, or 25% of the total past due award, pending the Court's determination of attorneys' fees. Ortega Decl. Ex. C at 4.

In the present motion, the Firm urges the Court to direct the Commissioner to pay the Firm $16,566.25 for work performed in this Court with a credit to Eckert for $5,156.73 already paid in attorneys' fees under the EAJA. Mot. at 1, 8. The Firm contends this fee is reasonable because it equals the contractually agreed upon amount under the retainer agreement and does not exceed the 25% statutory limit under 42 U.S.C. § 406(b)(1)(A). Mot. at 3–4; 42 U.S.C. § 406(b)(1)(A); Ortega Decl. Ex. A. The Firm also argues that the sought fee is reasonable and fair in light of the favorable results achieved, time expended on the case, the Firm's expertise in the field, the significant risk presented to the Firm due to repeated prior denials, and the absence of excessive delay or fraud. Mot. at 3–7. According to the Firm, it expended 26.9 hours before the Court on Eckert's case. Ortega Decl. Ex. B. The Firm also notes that "Ms. Eckert would immediately be credited $5,156.73, the amount of the EAJA fee award already awarded, should the instant motion be granted." Mot. at 8.

In response to the motion, the Commissioner filed a Statement of Nonparty Analysis, wherein she indicates that she has "no objection to the fee request for the lesser amount of $16,566.25," noting the Firm's indication that it would reimburse Eckert with the amount of the

1 EAJA award. Comm'r's Statement (dkt. 24).

2 On August 8, 2017, this Court issued an Order to Show Cause ("OSC") why the order should not be denied for failure to demonstrate that Eckert received a copy of the motion and its attachments. *See* OSC (dkt. 25). In response, the Firm stated that it had mailed a copy of the motion and its attachments to Eckert by first-class mail on April 26, 2017. Response (dkt. 26) at 2. The Firm also indicated that it sent Eckert another copy of the motion and attached documents on August 9, 2017 through FedEx, and attached a copy of the confirmation of receipt with Eckert's signature on August 10, 2017. *Id.*; Response Ex. B. Eckert has not filed a response or objection to the motion.

## III. ANALYSIS

The scheme established by Congress for attorney fee awards in cases involving social security claims is described by the Supreme Court as follows:

> Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by prescriptions Congress originated in 1965. Social Security Amendments of 1965, 79 Stat. 403, as amended, 42 U.S.C. § 406. . . . The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court. *See also* 20 CFR § 404.1728(a) (2001).

*Gisbrecht v. Barnhart*, 535 U.S. 789, 793–94 (2002). 42 U.S.C. § 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b).

Under *Gisbrecht*, courts should "approach fee determinations [under § 406(b)] by looking first to the contingent-fee agreement, then testing it for reasonableness," and may reduce the recovery "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Ninth Circuit has applied *Gisbrecht* to mean that "court[s] may

3

properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht* 535 U.S. at 808). In this analysis, courts "generally have been deferential to the terms of the contingency fee contracts in subsection 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements," emphasizing that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Further, the Ninth Circuit has held that the 25% cap applies only to fees awarded under 42 U.S.C. § 406(b) and does not apply to the *total* fees awarded under subsections (a) and (b) combined, which may exceed 25% of the award of benefits. *Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir. 2008).

In addition to the schemes for attorneys' fees housed within § 406(a) and (b), the Equal Access to Justice Act ("EAJA"), enacted in 1980, allows a party who prevails against the United States in court, including a successful Social Security benefits claimant, to receive an award of fees payable by the United States if the Government's position in the litigation was not "substantially justified." *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412(d)(1)(A)). In contrast to fees awarded under subsection 406(b), EAJA fees are based on the "time expended" and the attorney's "[hourly] rate." 28 U.S.C. § 2412(d)(1)(B). In *Gisbrecht*, the Supreme Court explained that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186 (1985)). Accordingly, "an EAJA award offsets an award under [42 U.S.C. § 406(b)]," increasing "up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

Here, the Firm seeks an award of $16,566.25 in fees, which amounts to 25% the total award of past due benefits made by the Commissioner on remand. *See* Mot.; Ortega Decl. Ex. A. While the sought hourly rate of $616 is substantially higher than the hourly rate of $191.70 for the

4

EAJA award, courts "generally have been deferential to the terms of the contingency fee contracts in § 406(b) cases." *Hearn*, 262 F. Supp. 2d at 1037; *see* EAJA Award.  In light of this general deference to contingency agreements, the prompt and effective legal assistance the Firm provided Eckert, and the risk of litigation in light of multiple prior administrative denials, the Court finds this award to be reasonable.  The Court finds no basis for reducing this fee, as there was no evidence of "substandard performance, delay, or benefits that are disproportionate to the time spent on the case."  *See Crawford*, 586 F.3d at 1149.  Accordingly, the Court finds that the Firm is entitled to the $16,566.25 in fees sought in this motion.

The Firm was previously awarded $5,156.73 in EAJA attorneys' fees for work performed before this court.  *See* EAJA Award.  For cases where fees are awarded under both EAJA and § 406(b), counsel is required to refund the lesser of the two awards to the client such that the EAJA offsets the § 406(b) award.  *Gisbrecht*, 535 U.S. at 796.  Accordingly, and because the Court now grants the Firm's motion for § 406(b) fees, the Court orders the Firm to immediately refund the EAJA award amount of $5,156.73 to Eckert.

### IV.  CONCLUSION

For the reasons stated above, the motion is GRANTED.  The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $16,566.25, payable to the Law Offices of Charles E. Binder and Harry J. Binder, LLP.  The Firm is directed to immediately refund $5,156.73 in EAJA fees to Eckert.

**IT IS SO ORDERED.**

Dated: September 11, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge